Sutliff, J.
Numerous assignments of error were made by plaintiff’s counsel, in the petition in error, in relation to the instructions given to the jury, and the holding of the court upon the trial of the cause in the court of common pleas. Perceiving no just cause of exception to the instructions or holding of the court in respect to any of the other assignments of error, we do not think it necessary to take further notice of them here.
The assignment for error, of the court’s having proceeded to instruct the jury during its recess, in the absence of the party and counsel, and without notice to either, upon a question of law arising in the case, presents for our consideration an important question of practice.
It is provided by our code, sec. 266, that, upon the trial of a cause before a jury, “ either party may request instructions to the jury on points of law, which shall be given or refused by the court,” etc. It is also provided by sec. 270 of the code, that, “ after the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information upon the point of law shall be given; and the court may give its recollection as to the testimony on the point in dispute, in the presence of, or after notice to the parties or their counsel.”
We think these provisions of the code were intended to express, and do in fact correctly express, the common law rule of proceeding to be observed by the court in their instructions to the jury. This rule has never before been expressed by statute law in this state; but we recognize nothing novel in the rule as expressed, or different from that which, we think, has heretofore been generally regarded as the rule of practice in such cases in this state. Nor are we aware of any different rule of practice having obtained in any of the other states, or in England. The *213 instruction of the court to the jury is an important part of a trial; frequently not less so than the evidence offered in the case, and ought not to he ex parte in character. The statute, giving a party the right of exception to the instructions of the court to the jury, impliedly gives him the right of an opportunity to hear the instruction so given. This right rests upon the same reason, independent of the statute, as does the right of hearing the evidence of his adversary in the case. If he deem the evidence of the adverse party untrue or exceptionable, he has the right to show the same by cross-examination, or by rebutting evidence, or exceptions thereto; and to the exercise of such right the presence of the party may be absolutely necessary. It might, perhaps, be sufficient in either case, to justify the court in proceeding with the trial, for notice to be given to the absent party, or his counsel, and thereby an opportunity of attendance given him. And if, afterward, it should appear that the absence had been by unavoidable necessity, such an occurrence might even then be regarded as a good reason for a motion for a new trial, rather than constituting a just cause for reversal upon error.
In the case of Benj. Cook v. Joseph Green, 1 Halst. Rep. 109, it was held by the supreme court of New Jersey, that notice given to the party or his counsel, and their neglect and refusal to be present justified the court in proceeding to instruct the jury in their absence. In that case, after the jury had been out a short time, they sent for the court to explain some point of embarrassment in the case; and the court thereupon called for the parties, when it appeared that the defendant had absconded, and his counsel refused to attend to hear any further instruction to the jury; the court thereupon, in the absence of the defendant and his counsel, proceeded to instruct the jury upon the point upon which such instruction was by them so requested in the case.
Eord, Justice, in delivering the opinion of the court in *214 that case, says : “ If a jury, after withdrawing to consider the cause, get embarrassed on a question of law, they may, and in prudence ought, to ask for the opinion of the justice thereon; and it is his duty to declare the law to them. It should be done in presence of both parties, that they may except to the opinion for error, if they think it erroneous ; and, therefore, they ought to be called, and even sought for, by the constable, or other person, deputed by the court. But, if sought for honestly, at the place of trial, where they ought to be, they cannot be found, or being found, they, or either of them, refuse to attend, such absence or refusal does not release the justice from his duty to declare the law to the jury.”
In the case under consideration, the judge repaired to the court room, into which the jury was conducted, during the hours of recess of the court, when it was neither the duty nor custom of parties or their counsel to be in the court room. The parties and counsel were absent, and received no notice that the court was about to give any instruction to the jury in the case that had been submitted to them. Under these circumstances, we think it was irregular, and manifestly error,.for the court, in the absence of the plaintiff and his counsel, to proceed to instruct the jury in the case; and for this error the judgment of the court of common pleas should have been reversed by the' district court. "We think, therefore, that court erred in affirming the judgment of the common pleas; and, for this cause, the judgment of the district court must be reversed.
Swan, Brmkerhoei? and Scott, JJ., concurred.